STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO- CV-20-85


MAINE HUMAN RIGHTS
COMMISSION (for the use of
Angela Pitts) and ANGELA
PITTS, individually and as
next friend of minor child
"Daughter,"
    Plaintiffs
                                **ORDER ON MOTIONS TO DISMISS**
    V.                          (Statute of Limitations)


JESSE WARREN,
NICOLE POLICANO,
ADAMA MACK, and
BLUE WAGON, LLC,
    Defendants


Before the court are motions to dismiss on statute of limitations grounds, filed by Defendants Blue Wagon, LLC, Adam Mack and Nicole Policano. Specifically, Blue Wagon and Mack seek dismissal of Counts V, VI and VIII [sic][1] as to Angela Pitts on behalf of her minor Daughter (hereinafter referred to as Daughter). In an earlier Order dated December 29, 2020, Counts V, VI and VIII [sic] against Blue Wagon and Mack were dismissed, without objection, on the basis of the statute of limitations, as to Angela Pitts individually (hereinafter referred to as Pitts). Daughter has filed an opposition to the motion to dismiss submitted by Blue Wagon and Mack.

On January 8, 2021, Policano moved to dismiss Counts V, VI, IX and X against her on statute of limitations grounds as to both Pitts and Daughter.

---

[1] Count VIII appears to be mis-numbered as there is no Count VII in the complaint.

It does not appear that Pitts, either individually or on behalf of Daughter, has submitted any opposition to Policano's motion. Accordingly, pursuant to M.R.Civ.P. 7(c)(3), any objections to Policano's motion are deemed waived and the motion will be granted.

Daughter does not appear to contest that, if the statute of limitations found in the Maine Human Rights Act (MHRA) is applicable here, her state law claims are barred. *See* 5M.R.S. §§ 4613 and 4622. Rather, Daughter contends that the statute of limitations applicable to her claims under the MHRA against Blue Wagon and Mack is that found in 14 M.R.S. § 752-C, which provides: "Actions based upon sexual acts toward minors may be commenced at any time."

The allegations in the complaint are that Pitts and Daughter lived in an apartment owned by Blue Wagon and managed by Mack. Policano and Defendant Jesse Warren, her boyfriend at the time, lived in the same building in an apartment downstairs from Pitts and Daughter. On September 13, 2017, Daughter babysat for Policano's child. When Policano and Warren returned later that evening, Warren sexually assaulted Daughter, who was 14 years of age at the time. Warren was later arrested, prosecuted and convicted of the sexual assault. He has been defaulted in this civil case.

It is alleged that a few days later, Policano informed Mack of the sexual assault. It is further alleged that following the sexual assault, Policano played loud music, called Pitts vulgar and racist names and complained about her without cause to Blue Wagon and Mack. In February, 2018, Pitts received a Notice to Quit from Blue Wagon and/or Mack. Pitts alleges that the reasons for the eviction notice were pretextual on the part of Blue Wagon and Mack and that their actions constituted housing discrimination on the basis of sex and race in violation of the MHRA and the federal Fair Housing Act (FHA).

2

There is no allegation that either Blue Wagon or Mack participated in, assisted, solicited or otherwise aided Warren in the sexual assault. Rather, Daughter alleges that Blue Wagon and Mack took no adverse housing actions against Pitts and Daughter until after learning of the sexual assault. Daughter contends, therefore, that her causes of action under the MHRA against Blue Wagon and Mack are "based upon sexual acts toward" her when she was a minor and may be commenced at any time.

The court cannot agree. The phrase "sexual acts toward minors" is expressly defined to mean a "sexual act" and "sexual contact," as defined in 17-A M.R.S. §§ 251(1)(C) & (D), "that are committed against or engaged in with a person under the age of twenty." 14 M.R.S. §§ 552-C(2)(A) & (B). In the court's view, the statute was intended to eliminate the state of limitations in civil cases where a defendant has "committed" or "engaged in" a sexual act or sexual contact against or with a minor. To expand the applicability of section 752-C to include the claims made here against Blue Wagon and Mack would stretch the language of the statute far beyond any reasonable reading.

## CONCLUSION

The entry is:

Motion to Dismiss filed by Defendant Policano is GRANTED. Counts V, VI, IX and X of the complaint against Policano are DISMISSED as to Plaintiffs Angela Pitts in her individual capacity and on behalf of her minor Daughter.

Motion to Dismiss filed by Defendants Blue Wagon LLC and Adam Mack is GRANTED. Counts V, VI and VIII [sic] against Blue Wagon and Mack are DISMISSED as to Plaintiffs Angela Pitts on behalf of her minor Daughter. These same counts were previously dismissed as to Angela Pitts in her individual capacity.

3

The Clerk is directed to incorporate these orders into the docket of this civil case by notation reference in accordance with M.R.Civ.P. 79(a).

Dated: March 12, 2021

Entered on the docket 3|25|2021

William R. Stokes
Justice, Superior Court

4

MAINE HUMAN RIGHTS COMMISSION - PLAINTIFF
51 STATE HOUSE STATION
AUGUSTA ME 04333
Attorney for: MAINE HUMAN RIGHTS COMMISSION
BARBARA ARCHER HIRSCH   - RETAINED
MAINE HUMAN RIGHTS COMMISSION
51 STATE HOUSE STATION
AUGUSTA ME 04333-0051


ANGELA PITTS  - PLAINTIFF

Attorney for: ANGELA PITTS
PATRICIA ENDER  - RETAINED
PINE TREE LEGAL ASSISTANCE
PO BOX 2429
39 GREEN STREET
AUGUSTA ME 04330-2429


vs
JESSE WARREN  - DEFENDANT
37 PIER STREET, APT 3
BANGOR ME 04401
NICOLE POLICANO  - DEFENDANT
82 WHITNEY ST
AUBURN ME 04210
Attorney for: NICOLE POLICANO
TYLER LAUZON  - RETAINED
LAUZON LAW LLC
757 PORTLAND ROAD
SACO ME 04072


ADAM MACK   - DEFENDANT
476 POND ROAD
STANDISH ME 04084
Attorney for: ADAM MACK
ANDRE JAMES HUNGERFORD  - RETAINED
HUNGERFORD LEGAL
14 MASON STREET
PO BOX 7584
PORTLAND ME 04112-7584


BLUE WAGON LLC - DEFENDANT
41 GORE ROAD
RAYMOND ME 04071
Attorney for: BLUE WAGON LLC
ANDRE JAMES HUNGERFORD  - RETAINED
HUNGERFORD LEGAL
14 MASON STREET
PO BOX 7584
PORTLAND ME 04112-7584


Filing Document: COMPLAINT                    Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS
Filing Date: 06/15/2020

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO- CV-20-85

MAINE HUMAN RIGHTS
COMMISSION (for the use of
Angela Pitts) and ANGELA
PITTS, individually and as
next friend of minor child
"Daughter,"
　　　Plaintiffs

**ORDER ON PENDING MOTIONS**

V.

JESSE WARREN,
NICOLE POLICANO,
ADAMA MACK, and
BLUE WAGON, LLC,
　　　Defendants

Before the court for resolution are the following motions:

A. Motion for More Definite Statement (M.R.Civ.P. 12(e)) (Policano);

B. Motion to Dismiss Counts V, VI and VIII[1] (Statute of Limitations) (Blue Wagon);

C. Motion to Dismiss (M.R.Civ.P. 3) (failure to timely file return of service); (improper venue); (Rule 11 sanctions); (statute of limitations as to Counts V, VI and VIII) (Mack);

D. Motion for Enlargement of Time to File Return of Service (M.R.Civ.P. 6(b)(2)) (Pitts individually and as next friend of minor Daughter);

---

[1] The counts in the complaint are mis-numbered. For example, there is no Count VII (7) and there are two Counts labeled XIV (14).

E. Rule 11 Motion Against MHRC (Blue Wagon);

F. Motion for Sanctions Against MHRC and Its Attorney (M.R.Civ.P. 11) (Policano).

The court has examined the pleadings in this matter multiple times and has considered the written arguments of the parties. Pursuant to M.R.Civ.P. 7(b)(7), the court will rule on the pending motions without a hearing.

Defendant Policano's Motion for More Definite Statement is DENIED. No further discussion is needed regarding this motion.

Defendants Blue Wagon and Adam Mack have separately moved to dismiss Counts V, VI and VIII [sic] of the Complaint on the ground that the applicable statute of limitations has run. Plaintiff Angela Pitts in her individual capacity has conceded that the statute of limitations has run as to those counts and does not object to their dismissal as to Blue Wagon and Adam Mack. Plaintiff Angela Pitts acting in her capacity as next friend of her minor Daughter opposes the dismissal of Counts V, VI and VIII [sic] because she was only 14 years of age when she was sexually assaulted by Defendant Jesse Warren and is now only 17 years of age and still a minor. She claims that the "statute of limitations under the Maine Human Rights Act has not run," as to the minor Daughter. Neither Blue Wagon nor Adam Mack filed a reply to this argument by Plaintiff Pitts. In arguing that the statute of limitations under the MHRA, 5 M.R.S. § 4613(2)(C), has not run as to the minor Daughter, Pitts cited no authority and it is unclear to the court why the statute of limitations has allegedly tolled as to the minor Daughter for Counts V, VI and VIII [sic]. The court requests that Plaintiff Pitts clarify her argument as to why those counts of the complaint should not be dismissed on statute of limitations grounds as to Blue Wagon and Mack. Pitts is requested

2

to do so by January 18, 2021. Blue Wagon and Mack may respond within 20 days after receipt of the clarification from Pitts. Pending such clarification, the motions to dismiss by Blue Wagon and Mack will be GRANTED IN PART as to Counts V, VI and VIII [sic] of the Complaint with respect to Plaintiff Angela Pitts in her individual capacity.

Defendant Adam Mack also moved to dismiss the complaint as to him for the failure to timely file the return of service. It appears to the court, and the parties do not disagree, that the return of service upon Mack was made 95 days after the filing of the complaint. In the meantime, Plaintiff Pitts has filed a motion to enlarge the time within which to file the return of service, and Mack agrees that the motion to enlarge may be granted, although he disputes various assertions made by Pitts in her motion. Accordingly, Mack's motion to dismiss for failure to make timely return of service is moot and the motion to enlarge time within which to return service filed by Pitts will be GRANTED.

Mack has also moved to dismiss the complaint on the basis of improper venue. That motion to dismiss will be DENIED. *See* 14 M.R.S. § 155(4) ("Any other civil action or proceeding shall be brought in the division where any plaintiff or defendant resides, . . ."). The Maine Human Rights Commission has its office in Augusta. Accordingly, venue in Kennebec County is proper.

Defendants Blue Wagon, Adam Mack and Nicole Policano have separately move for sanctions under M.R.Civ.P. 11(a) against the Maine Human Rights Commission (MHRC) and/or its attorney Specifically, the Defendants point to the following language of the rule: "The signature of an attorney or party constitutes a representation by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge,

3

information, and belief there is good ground to support it; and that it is not interposed for delay." Rule 11(a) empowers the court to impose sanctions if it concludes that a pleading or motion has been "signed with intent to defeat the purpose of this rule."

All of the Defendants focus their arguments on the fact that the MHRC is a party to this lawsuit as a Plaintiff against Jesse Warren, and the complaint includes Angela Pitts as a Plaintiff bringing claims in her individual capacity and as next friend of her minor Daughter against Blue Wagon, Adam Mack and Nicole Policano. The Defendants are particularly troubled by the "Factual Background" section of the Complaint, which makes the following assertions:

> 33.     The actions of Adam Mack and Blue Wagon made housing unavailable to Ms. Pitts and Daughter in violation of the MHRA.
> 34.     The actions of Adam Mack and Blue Wagon, and each of them, made housing unavailable to Ms. Pitts and Daughter in violation of the FHA.
> 35.     Defendants Nicole Policano and Jesse Warren, and each of them, made housing unavailable, imposed discriminatory terms and conditions, and interfered with Ms. Pitts and her minor daughter's right to be free of housing discrimination based on sex pursuant to the MHRA.
> 36.     The actions of Defendants Adam Mack, Blue Wagon LLC, Nicole Policano, and Jesse Warren, and each of them, imposed discriminatory terms and conditions and interfered with Ms. Pitts and her minor daughter's right to be free of housing discrimination based on sex pursuant to the FHA.

The Defendants contend that sanctions should be imposed because the MHRC failed to inform the court in its complaint that it had found, after investigation, no reasonable grounds to believe that Ms. Pitts (the complainant in the MHRC investigation) had been discriminated against on the basis of

4

sex by Blue Wagon, Mr. Mack or Ms. Policano. Notwithstanding this finding by the Commission, through its attorney it signed the complaint jointly with counsel for Ms. Pitts individually and as next friend of her minor Daughter, and that complaint includes the factual assertions contained in ¶¶ 33-36 quoted above. All of the Defendants maintain that by signing the complaint with these allegations in it the MHRC and its counsel violated Rule 11(a) because they knew there were not good grounds to support those allegations.

The court has carefully scrutinized the complaint and has seriously considered the written arguments of counsel in support of and in opposition to the motions for sanctions under Rule 11(a). The court concludes that, while the complaint could have been more carefully crafted to avoid any potential misperception that the Commission was making allegations contrary to its official findings, the imposition of sanctions is neither appropriate nor warranted. A reading of the complaint in its entirety and in context makes it clear that the MHRC is asserting claims solely against Jesse Warren under Counts I and II. It is true that the MHRC and Ms. Pitts could have brought separate complaints and then sought to have them consolidated, but there was no legal obligation to proceed in that fashion. Under all the circumstances of this case, the court does not believe that the Commission or its counsel violated the intent and purposes of Rule 11 or that the imposition of any sanctions is called for.

The entry is:

Defendant Policano's Motion for More Definite Statement is DENIED.

Defendant Blue Wagon's and Defendant Mack's Motion to Dismiss Counts V, VI, and VIII [sic] of the complaint on statute of limitations grounds are GRANED IN PART. Counts V, VI and VIII [sic] are DISMISSED as to Plaintiff Angela Pitts in her individual capacity. Plaintiff Pitts as next friend

5

of minor Daughter is directed to provide additional clarification of her position on the statute of limitations issue by January 18, 2021. Defendants Blue Wagon and Mack may file a response within 20 days of receipt of such clarification.

Defendant Mack's Motion to Dismiss for Failure to File Return of Service is MOOT.

Defendant Mack's Motion to Dismiss for Improper Venue is DENIED.

Plaintiff Pitts' (individually and as next friend of minor Daughter) Motion for Enlargement of Time to File Return of Service is GRANTED.

Defendant Blue Wagon's, Defendant Mack's and Defendant Policano's Motions for Sanctions Under M.R.Civ.P. 11(a) are DENIED.

The Clerk is directed to incorporate these orders into the docket of this civil case by notation reference in accordance with M.R.Civ.P. 79(a).

Dated: December 29, 2020

William R. Stokes
Justice, Superior Court

Entered on the docket 12/29/2020

6

MAINE HUMAN RIGHTS COMMISSION - PLAINTIFF
51 STATE HOUSE STATION
AUGUSTA ME 04333
Attorney for: MAINE HUMAN RIGHTS COMMISSION
BARBARA ARCHER HIRSCH - RETAINED
MAINE HUMAN RIGHTS COMMISSION
51 STATE HOUSE STATION
AUGUSTA ME 04333-0051

ANGELA PITTS - PLAINTIFF

Attorney for: ANGELA PITTS
PATRICIA ENDER - RETAINED
PINE TREE LEGAL ASSISTANCE
PO BOX 2429
39 GREEN STREET
AUGUSTA ME 04330-2429

vs
JESSE WARREN - DEFENDANT
37 PIER STREET, APT 3
BANGOR ME 04401
NICOLE POLICANO - DEFENDANT
82 WHITNEY ST
AUBURN ME 04210
Attorney for: NICOLE POLICANO
TYLER LAUZON - RETAINED
LAUZON LAW LLC
757 PORTLAND ROAD
SACO ME 04072

ADAM MACK - DEFENDANT
476 POND ROAD
STANDISH ME 04084
Attorney for: ADAM MACK
ANDRE JAMES HUNGERFORD - RETAINED
HUNGERFORD LEGAL
14 MASON STREET
PO BOX 7584
PORTLAND ME 04112-7584

BLUE WAGON LLC - DEFENDANT
41 GORE ROAD
RAYMOND ME 04071
Attorney for: BLUE WAGON LLC
ANDRE JAMES HUNGERFORD - RETAINED
HUNGERFORD LEGAL
14 MASON STREET
PO BOX 7584
PORTLAND ME 04112-7584

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CV-2020-00085

12/29/20

DOCKET RECORD

MLR/SC #142-21

Filing Document: COMPLAINT
Filing Date: 06/15/2020

Minor Case Type: CONSTITUTIONAL/CIVIL RIGHTS

Printed on: 12/29/2020